UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

-v-                                                                  No. 07 Cr. 854 (LTS)

DANIEL MCCARTHY,

        Defendant.

-------------------------------------------------------x

## ORDER[1]

On May 9, 2008, Defendant Daniel McCarthy ("Defendant" or "McCarthy"), was sentenced, on the first count of the indictment, to twenty-seven months imprisonment to run concurrent to the undischarged portion of a New Jersey state sentence that he was serving at the time and, on the second count of the indictment, to twenty-four months imprisonment to be served concurrent to the sentence imposed on the first count. Defendant was also ordered to forfeit $28,375.58 to the United States.

The day before the sentencing, the Court received a Victim Impact Statement from Mr. William Winter, the incarcerated individual whose identity was the subject of Defendant's theft. The letter identified some of the alleged effects of Defendant's actions on Mr. Winter's life and family. At the sentencing, Mr. Winter's sister also spoke about the effect of Defendant's actions on Mr. Winter's finances. In light of Mr. Winter's letter and his sister's statements, the Court granted the Government's request, pursuant to 18 U.S.C. § 3664(d)(5), to defer the determination of the amount

---

[1] *The ECF system provides notice of the entry of this Order to each party that has both entered an appearance in this case and registered with ECF. The ECF-registered attorneys are responsible for providing notice to any co-counsel whose e-mail addresses are not reflected on the ECF docket for this case, and the Government, upon receiving notice of this Order, is hereby ordered to fax or otherwise deliver promptly a copy to all parties who are not represented by ECF-registered counsel. A certificate of such further service shall be filed within 5 days from the date hereof. Counsel who have not registered for ECF are ordered to register immediately as filing users in accordance with the Procedures for Electronic Case Filing.*

of restitution to a later restitution hearing and allow the Government to investigate these alleged losses.

The Court has received the Government's July 15, 2008, submission, a copy of which is attached to this Order, informing the Court that the Government is, at this time, unable to quantify any additional losses beyond the $28,375.58 identified in merchant and credit card charges in the pre-sentence report dated April 29, 2008. The Court has also received defense counsel's July 16, 2008, letter (also attached hereto) requesting that the Court waive the interest requirement on the restitution order, pursuant to 18 U.S.C. § 3612(f)(3)(A). In light of these submissions, the Court finds that the following victims have suffered losses in the following amounts, aggregating $28,375.58, by reason of Defendant's offense and that a restitution obligation in respect of those losses is required by law pursuant to 18 U.S.C. § 3663A: Citicorp/The Children's Place, $640.37; HSBC/Best Buy, $3,148.32; HSBC/QVC, $419.12; American Express, $12,518.93; Macy's $1,061.72; Target, $1,217.90; Discover, $6,521.48; Sprint PCS, $577.40; Dell Financial, $1,695.91; DirecTV, $574.43.

Defendant is ORDERED to make such restitution, in accordance with 18 U.S.C. § 3663A, payable to the Clerk, U.S. District Court for the Southern District of New York, for disbursement to the above-listed victims in the total amount of $28,375.58. The requirement of interest under 18 U.S.C. § 3612(f)(3) is waived in light of Defendant's financial circumstances as set forth in the Report and the magnitude of the restitution obligation.

Having considered the factors set forth in 18 U.S.C. § 3664(f)(2), the Court will require that the restitution be paid during Defendant's incarceration in the following manner. While Defendant is serving his prison term, if he is engaged in a Bureau of Prisons ("BOP") non-UNICOR work program, he shall pay $25 per quarter toward the criminal financial penalties. However, if he participates in the BOP's UNICOR program as a grade 1 through 4, he shall pay 50% of his monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28

C.F.R. § 545.11. During Defendant's supervised release term, Defendant will make monthly payments toward any remainder by paying 10% of his gross monthly income toward the outstanding obligation. Defendant's payment obligation as to any amount remaining unpaid at the conclusion of Defendant's supervised release period will be administered through the collection unit of the United States Attorney's Office. Defendant must notify the Court and the Attorney General of any material change in his economic circumstances that might affect his ability to pay restitution. Defendant must also notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

        In light of the foregoing determination, the restitution hearing scheduled in the above-captioned case for Thursday, July 17, 2008, for which the requirement of Mr. McCarthy's presence had been waived, is cancelled. An amended judgment will be entered.

        SO ORDERED.

Dated: New York, New York
       July 16, 2008

                                          LAURA TAYLOR SWAIN
                                          United States District Judge

U.S. Department of Justice



United States Attorney
Southern District of New York

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 15, 2008

**BY FACSIMILE**

The Honorable Laura T. Swain
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 755
New York, New York 10007

    Re:  <u>United States v. Daniel McCarthy</u>, 07 Cr. 854

Dear Judge Swain:

    The Government respectfully writes to Your Honor regarding its efforts to determine the amount of restitution due the victims of the crimes committed by the above-referenced defendant, and, specifically, if any additional restitution is due William Winter, who was the primary victim of the defendant's identity theft.

    At the May 9, 2008 sentencing before Your Honor, the sister of William Winter, Theresa Boccio, stated that she had been handling Mr. Winter's affairs while he was imprisoned. Ms. Boccio indicated that as a result of the defendant's identity theft, Mr. Winter's interest rates on his credit cards rose such that Ms. Boccio was not able to continue making payments on the amounts Mr. Winter owed and the credit card companies closed the accounts and sent them to a collection agency. Your Honor granted the Government's request to defer a final determination of the restitution for ninety days pursuant to 18 U.S.C. § 3664(d)(5) so that it could investigate whether Mr. Winter suffered any further quantifiable loss that was not already reflected in the amount of restitution.

    Since that sentencing, the Government has dilligently tried to determine if there are any additional quantifiable

losses that Mr. Winter suffered as a result of the defendant's crimes. United States Postal Inspector Tosha Dennis has been working with Mr. Winter to locate any financial records that would bear on whether the fraudulent charges by the defendant caused further harm to Mr. Winter that is not already reflected in the restitution amount. However, Mr. Winter has not been able to locate such records as of today's date. Inspector Dennis also contacted the credit card companies that Mr. Winter identified in order to ascertain whether there were any additional losses. The credit card companies made a search of their own records, and just recently informed the Government that they were unable to locate records relevant to our request, most likely because the bulk of the records have been transferred to multiple collection agencies. Inspector Dennis is trying to follow up with those agencies, but has yet to receive back any relevant document response to her inquiries.

Thus, as of the date of this letter, the Government, either through its own investigation, or through Mr. Winter, has not been able to quantify any additional loss by Mr. Winter that was a result of the defendant's identity theft. Because the Government has not been able to quantify any additional loss by Mr. Winter, and because 18 U.S.C. § 3664 requires that a final order of restitution be entered within 90 days of sentencing, the Government respectfully requests that the Court enter the final order of restitution contemplated in the presentence report of $28,375.58.

The Government notes that 18 U.S.C. § 3664(d)(5) provides that "if the victim subsequently discovers further losses [after a final order has been entered], the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order." Thus, the Government plans to continue working with Mr. Winter to ensure that there are not any further quantifiable losses that have not already been recognized. If either Mr. Winter or the Government later discovers a further quantifiable loss, it reserves its

rights to seek to petition the Court pursuant to 18 U.S.C. § 3664(d)(5) for an amended restitution order.

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney

                     By:   _____
                              Michael M. Rosensaft
                              Assistant U.S. Attorney
                              (212) 637-2366
                              (212) 637-2937 (fax)

cc:     Martin Cohen, Esq.,
       Attorney for Defendant

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

Via Facsimile (212) 805-0426

July 16, 2008

The Honorable Laura T. Swain
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 755
New York, NY 10007

Re:   **United States v. Daniel McCarthy**
      07-cr-854

Dear Judge Swain:

I represent Mr. McCarthy in the above-captioned matter, and write in response to the July 15, 2008 letter from Michael M. Rosensaft concerning restitution. (I have taken this case over from Mr. Hugh Mundy, who has left this office.) In light of the size of the contemplated restitution order and Mr. McCarthy's financial circumstances, I respectfully request that the Court waive the interest requirement on restitution orders pursuant to 18 U.S.C. § 3612(f)(3)(A) (Court may waive interest requirement upon determination that defendant does not have the ability to pay).

Thank you for your consideration of this request.

Respectfully submitted,

Martin Cohen
Attorney for Daniel McCarthy
(212) 417-8737

cc: Michael M. Rosensaft, AUSA, via facsimile (212) 637-2937

TOTAL P.002